**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Civil Action Number:

ANDRES GOMEZ,

      Plaintiff,

vs.

PAUL & SHARK U.S.A., INC., and
PAUL & SHARK FLORIDA INC.

      Defendants

---

## COMPLAINT

---

COMES NOW Plaintiff Andres Gomez, by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc. for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

1.      Plaintiff Andres Gomez brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc.'s website (which is an extension of its Florida retail stores), where the groundbreaking "American with Disabilities Act" has been the law of the land for over twenty-six years.

2.      In a world of increasing number of low vision and blind individuals that is expected to double by 2050, it is essential that low vision and blind individuals are not excluded from society and segregated in area of web commerce.

3.      This case arises out the fact that Defendant Paul & Shark USA, Inc. and Defendant Paul & Shark Florida, Inc. have operated their business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and visiting their place of public accommodation, namely the Defendants' website www.paulshark.it.

4.      Defendant Paul & Shark USA, Inc. owns and operates places of public accommodation which are a chain of upscale specialty retail stores under the brand name "Paul & Shark." Paul & Shark stores offer for sale to the general public general public Paul & Shark brand men's, women's and children's clothing and accessories. Heretofore referenced as "Paul & Shark brand merchandise."

5.      Defendant Paul & Shark Florida, Inc. owns and operates places of public accommodation which are Paul & Shark stores within Florida, and with particularly, the Paul & Shark store located in the Aventura Mall, which is within the jurisdiction of this court.   These Paul & Shark stores offer for sale to the general public men's, women's and children's clothing and accessories (Paul & Shark brand merchandise).

6.      The Defendants offer an adjunct website www.paulshark.it ("website") which is directly connected to the Paul & Shark stores located within Florida (Defendant Paul & Shark Florida, Inc.) and otherwise within the United States (Defendant Paul & Shark USA, Inc.) since the website provides a site locator to the Defendants' Paul &

Shark store locations (places of public accommodation). Thus, www.paulshark.it has a true nexus to the Defendants' Paul & Shark retail store locations.

7.      This is an action to put an end to civil rights violations committed by Defendant Paul & Shark USA, Inc. and by Defendant Paul & Shark Florida, Inc. against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology.

## JURISDICTION & VENUE

8.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

9.      This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for accommodation to the Defendants' Paul & Shark website.

10.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant Paul & Shark Florida, Inc. resides in this District, transacts business in this District, and the acts constituting the violation of the ADA occurred in this District.

11.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) by virtue of the fact that Defendant Paul & Shark U.S.A., Inc.'s website is available within and throughout this District by the general public who reside within this District, therefore the acts constituting the violation of the ADA occurred in this District.

12.     Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## THE PARTIES

**Andres Gomez**

13.     Plaintiff Andres Gomez ("Plaintiff," or "Plaintiff Gomez") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

14.     Plaintiff Gomez suffers from what constitutes a "qualified disability" under the ADA.  Plaintiff Gomez is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

**Paul & Shark Florida, Inc.**

15.     Defendant Paul & Shark Florida, Inc.is the owner and operator of a chain of retail stores in Florida under the brand name "Paul & Shark,"  specifically, the Paul & Shark retail store located in Aventura Mall, Aventura, Florida.  On information and belief, Paul & Shark Florida, Inc. is a subsidiary of Paul & Shark U.S.A. Inc.

16.     Defendant Paul & Shark Florida (also referenced as "Paul & Shark Florida") is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court through its retail stores located in the Aventura Mall, Aventura Florida, and as a nexus to the website www.paulshark.it, which is available throughout the district to individuals using the internet.

**Paul & Shark U.S.A., Inc.**

17.     Defendant Paul & Shark U.S.A., Inc. (also referenced as "Paul & Shark

USA") is a subsidiary of DAMA S.p.A, an Italian corporation located in Varese Italy. DAMA S.p.A. is totally vertically integrated, and manufactures its clothing from milling the yarn into cloth, clothing design, manufacture, and wholesale/retail sales of clothing and accessories.   DAMA S.p.A was founded in 1921 as a mill/cloth maker.  Following its purchase by the Dini family in 1957, the company began designing and manufacturing clothes as well as milling yarn.  In 1975, the company branded its men's clothing division "Paul & Shark."

18.     The Paul & Shark brand became known for  its quality sportswear, smart casual and luxury clothing lines, which combined technical fabrics with elegant and style. In the 1980's Paul & Shark brand sportswear surged in popularity in the United Kingdom due to its association with wealthy footballers.  The Paul & Shark brand has continued it's a huge market share in the U.K. and has expanded worldwide. DAMA S.p.A. expanded sales and position in the United States through its subsidiary, Paul & Shark USA, Inc., which is based in New York.

19.      Paul & Shark USA, Inc. and sells Paul & Shark brand merchandise as a retailer through Paul & Shark retail stores outside of the state of Florida and maintains the website www.paulshark.it, which operates throughout the state of Florida and throughout the United States.

20.     The Defendant Paul & Shark USA also sells its Paul & Shark brand merchandise to retailers (including but not limited to department stores and specialty stores).

21.     Through its website, www.paulshark.it which operates throughout the state of Florida, Defendant Paul & Shark USA is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## FACTS

22.     The Defendants Paul & Shark Florida and Paul & Shark USA are defined as a "public accommodation" because each is an entity which owns and operates a chain of retail stores under the brand name "Paul & Shark," each of which is a "Place of Public Accommodation" which is defined as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104. (2). Each of the Defendants' Paul & Shark retail stores are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36. The Defendants' Paul & Shark retail stores are also referenced throughout as "place(s) of public accommodation," "Paul & Shark stores," or "retail stores."

23.     Defendant Paul & Shark USA's website www.paulshark.it ("website") is offered to provide the general public information including (but not limited to) information on the various locations of the Paul & Shark retail stores throughout the United States and within the state of Florida, as well as other retail store locations that offer Paul & Shark brand merchandise for sale.

24.     Defendant Paul & Shark Florida owns and/or operates a Paul & Shark store within this district (at Aventura Mall). That Paul & Shark store is supported by the website www.paulshark.it which (while operated by Defendant Paul & Shark USA), serves as an adjunct to Defendant Paul & Shark retail stores within the United States.

25.     Paul & Shark brand merchandise is available throughout the world in 73 different countries, 458 cities and 474 points of sale, of which more than 280 are Paul & Shark retail stores, which are located in exclusive shopping areas.   Defendant Paul & Shark USA's website www.paulshark.it provides a store locator so that the general public can locate the various Paul & Shark retail store locations and become familiar with the Paul & Shark merchandise sold through the Paul & Shark retail stores, high-end specialty stores, and department stores.

26.     Since the www.paulshark.it website allows the general public the ability to locate one of the many Paul & Shark physical retail store locations, the website is an extension of the physical Paul & Shark stores (including the Paul & Shark retail store located in Aventura, Florida).   Therefore, the website has a direct nexus between the website and Defendant Paul & Shark USA's Paul & Shark stores and Defendant Paul & Shark Florida's Paul & Shark stores.  Hence the website is also characterized as a place of public accommodation; 42 U.S.C. § 12181(7)(E).

27.     As a public accommodation pursuant to 42 U.S.C. § 12181(7)(E), the www.paulshark.it website must comply with the ADA[1]. This means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public.

28.     Plaintiff Gomez is a customer who is interested purchasing quality clothing such as the Paul & Shark brand. Plaintiff Gomez had heard about the Paul &

---

[1] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

Shark retail store in the Aventura Florida and decided to learn more about Paul & Shark merchandise.

29.     During May and June of 2016, the Plaintiff attempted on several occasions to utilize the www.paulshark.it website to become acquainted with Paul & Shark brand merchandise with the intent of then going to the Paul & Shark retail store located in Aventura Florida. The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

30.     Plaintiff Gomez frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Gomez uses commercially available screen reader software to interface with the various websites.

31.     In order to comprehend the www.paulshark.it website and to become informed of Paul & Shark brand merchandise (which other members of the general public may order online), Plaintiff Gomez must use screen reader software.

32.     However, the www.paulshark.it website did not integrate with Plaintiff Gomez's screen reader software, nor was there any function within the website to permit access for visually impaired through other means.

33.     Plaintiff Gomez attempted to locate any *Accessibility Notice* or any information relating to the website's future accessibility plans or information regarding contacting the Defendant Paul & Shark USA or Defendant Paul & Shark Florida to alert

the Defendants to the inaccessibility of www.paulshark.it, but was unable to do so, because no such link or notice was provided[2].

34.     Due to the fact that Plaintiff Gomez could not access the www.paulshark.it website, the Plaintiff felt as if another door had been slammed in his face, as he is/was unable to participate in the shopping experience online at the www.paulshark.it website as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

35.     Plaintiff Gomez continues to desire to patronize the www.paulshark.it website, but is unable to do so as he is unable to comprehend the website, thus he will continue to suffer irreparable injury from the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

36.     The www.paulshark.it website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

37.     The www.paulshark.it website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

38.     The www.paulshark.it website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the

---

[2] Other online retailers have taken steps  to notice and inform disabled users of their website programming plans and have direct email / toll free numbers to enable contact with the retailer e.g.
http://www.starbucks.com/about-us/company-information/online-policies/web-accessibility
http://www.tiffany.com/Service/Accessibility.aspx?isMenu=1&
http://www.potbelly.com/Company/Accessibility.aspx

website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

39.     On information and belief, neither Defendant has initiated a Web Accessibility Policy to insure full and equal use of the www.paulshark.it website by individuals with disabilities.

40.     On information and belief, neither Defendant has instituted a Web Accessibility Committee to insure full and equal use of the www.paulshark.it website by individuals with disabilities.

41.     On information and belief, neither Defendant has designated an employee as a Web Accessibility Coordinator to insure full and equal use of the www.paulshark.it website by individuals with disabilities.

42.     On information and belief, neither Defendant has instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of the www.paulshark.it website by individuals with disabilities.

43.     On information and belief, neither Defendant has instituted a User Accessibility Testing Group to insure full and equal use of the www.paulshark.it website by individuals with disabilities.

44.     On information and belief, neither Defendant has instituted a Bug Fix Priority Policy.

45.      On information and belief, neither Defendant has instituted an Automated Web Accessibility Testing program.

46.     On information and belief, neither Defendant has created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

47.     On information and belief, neither Defendant has created and instituted on www.paulshark.it a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendants will have the www.paulshark.it website, Applications, and Digital Assets accessible to the visually impaired community.

48.     On information and belief, the www.paulshark.it website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[3].

49.     On information and belief, neither Defendant has a Web Accessibility Policy.

50.     Thus, neither Defendant Paul & Shark USA or Defendant Paul & Shark Florida have provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through the  website www.paulshark.it.

51.     Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

52.     Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

---

[3] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

53.     For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society.

54.     The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites, such as the www.paulshark.it website.

55.     On information and belief, Defendant Paul & Shark USA and Defendant Paul & Shark Florida are both aware of these common access barriers within the www.paulshark.it website which prevent individuals with disabilities who are visually impaired from the means to comprehend its website to become informed of the Paul & Shark brand merchandise available in their various retail store locations.

56.     On information and belief, Defendant Paul & Shark USA and Defendant Paul & Shark Florida are both aware of need to provide full access to all visitors of the www.paulshark.it website.[4]

57.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

58.     Such barriers result in punishment and isolation of blind and low vision from the rest of society.

59.     Thus, Defendant Paul & Shark USA and Defendant Paul & Shark Florida have refused to make their website accessible to individuals with disabilities who are

---

[4] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g (www.internetretailer.com/2016/04/01/web-accessibility-what-e-retailers-need-know) (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance)

visually impaired.

60.     According to Statistic Brain Research Institute[5], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online stores such as www.paulshark.it and have made an internet purchase, while 57% of Americans that have browsed online stores have made a purchase multiple times.

61.     According to the National Federation for the Blind[6], there are 6,670,300 Americans with visual disabilities.

62.     The National Federation for the Blind has also reported that there are 434,600 Americans with visual disabilities living within the state of Florida.

63.     Defendant Paul & Shark USA and Defendant Paul & Shark Florida have both failed to provide any mechanism by which to adequately serve visually impaired individuals such as Plaintiff Gomez. The Defendants are operating in violation of Plaintiff Gomez's rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

64.     Plaintiff Gomez has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendants' unlawful and discriminatory practices.

65.     Plaintiff Gomez and others will continue to suffer irreparable injury from Defendants' intentional acts, policies, and practices set forth herein unless enjoined by the court.

---

[5] US Commerce Department, Forrester Research date: October 9, 2014, See
http://www.statisticbrain.com/total-online-sales/
[6] Statistics for 2012, see http://www.NFB.org/blindness-statistics

66.     Notice to the Defendants is not required as a result of the Defendants' failure to cure the violations. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§s 2201, 2202.

67.     The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

68.     Plaintiff Gomez re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-67 above.

69.     The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[7].

70.     As a result of the inaccessibility of the www.paulshark.it website and by the barriers to access in the website (when removal of those barriers is readily achievable), Defendant Paul & Shark USA and Defendant Paul & Shark Florida have denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendants have made available to the general public on its website www.paulshark.it, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

---

[7] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

71.     Pursuant to 42 U.S.C. §12181(7)(E), www.paulshark.it is a *place of public accommodation* under the ADA because it serves to augment the Defendants' chain of Paul & Shark retail stores and Paul & Shark brand merchandise sold in department stores and specialty stores by providing the general public information on the various locations of the Defendants' chain of Paul & Shark stores and educate the general public as to the line of Paul & Shark brand merchandise.

72.     As such, the www.paulshark.it website must be in compliance with the ADA.  However, website is\was not in compliance with the ADA.  Plaintiff Gomez has suffered an injury in fact because of the website's non-compliance with the ADA.

73.     Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and *Programing Alert Error Types* ("PATs"), which are prone to making the website inaccessible.

74.     A sampling review of just part of the Defendants' website revealed that the website is not functional for users who are visually impaired.  The www.paulshark.it website contains several types of PETs (easily identifiable and correctable), which occur throughout the website such as:

1) The language of the document is not identified,
2) Image alternative text is not present, and
3) A form control does not have a corresponding label.

75.     Further, the Defendants' website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

1) Alternative text is likely insufficient or contains extraneous information,
2) An event handler is present that may not be accessible,
3) A heading level is skipped,

4)  Flash content is present,
5)  Adjacent links go to the same URL,
6)  A link contains no text, and
7)  Alternative text is likely insufficient or contains extraneous information.

76.     More violations may be present on other pages of the website, and they will be determined and proven through the discovery process.

77.     Further, the Defendants' website did\does not offer include the universal symbol for the disabled[8] which would permit disabled individuals to access the www.paulshark.it website's accessibility information and accessibility facts.

78.     Therefore, due to the Plaintiff's disability and the Defendants' failure to have the www.paulshark.it website adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the www.paulshark.it website.

79.     Defendant Paul & Shark USA and Defendant Paul & Shark Florid have violated the ADA (and continue to violate the ADA) by denying access to their website, www.paulshark.it, to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites.  These violations within the www.paulshark.it website are ongoing.

80.     As a result of the Defendants' inadequate development and administration of www.paulshark.it, Plaintiff Gomez is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

81.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Gomez injunctive relief; including an order to:

_____

[8] ™, or HTML "Accessibility" link for those individuals who are visually impaired

    a) Require  Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc.to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.paulshark.it to a statement as to the Defendants' policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its website, and

    b) Require Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc.to cease and desist discriminatory practices and if necessary to cease and desist operations of the website known as www.paulshark.it until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

82.    Plaintiff Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff Gomez is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc.

WHEREFORE Plaintiff Andres Gomez hereby demands judgment against Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc. and requests the following injunctive and declaratory relief:

    a)    The Court issue a declaratory judgment that Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc. have violated the Plaintiff's rights as guaranteed by the ADA;

b)    The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc. from operating the website www.paulshark.it without adequate accommodation for the visually impaired community;

c)    The Court enter an Order requiring Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc. to update website to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA;

d)    The Court enter an Order requiring Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc. to clearly display the universal disabled logo[9] within its website, wherein the logo would lead to a page which would state the Defendants' accessibility information, facts, policies, and accommodations.  Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of website www.paulshark.it;

e)    The Court enter an order requiring Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc. to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

f)    The Court enter an Order directing Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc. to evaluate their policies,

---

[9] 

practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the website known as www.paulshark.it.

g)      The Court enter an Order directing Defendant Paul & Shark U.S.A., Inc. and Defendant Paul & Shark Florida, Inc. to establish a policy of web accessibility and accessibility features for the website known as www.paulshark.it.

h)      The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

i)      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 12th day of July, 2016.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*